NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WORTHY HOTELS, INC.; et al., | No. 21-35495 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-01079-BJR |
| and | |
| VITA COFFEE, LLC, DBA Caffe Vita Coffee Roasting Co., a Washington limited liability company; et al., | AMENDED MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| FIREMAN'S FUND INSURANCE COMPANY, | |
| Defendant-Appellee, | |
| and | |
| NATIONAL SURETY CORPORATION, an Illinois corporation, | |
| Defendant. | |

| | |
|---|---|
| VITA COFFEE, LLC, DBA Caffe Vita Coffee Roasting Co., a Washington limited liability company, | No. 21-35511 |
| | D.C. No. 2:20-cv-01079-BJR |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant,

and

ES RESTAURANT GROUP, INC.; et al.,

Plaintiffs,

v.

FIREMAN'S FUND INSURANCE COMPANY,

Defendant-Appellee,

and

NATIONAL SURETY CORPORATION, an Illinois corporation,

Defendant.

ES RESTAURANT GROUP, INC.; et al.,

Plaintiffs-Appellants,

and

VITA COFFEE, LLC, DBA Caffe Vita Coffee Roasting Co., a Washington limited liability company; et al.,

Plaintiffs,

v.

FIREMAN'S FUND INSURANCE COMPANY,

No.   21-35646

D.C. No. 2:20-cv-01079-BJR

Defendant-Appellee,

and

NATIONAL SURETY CORPORATION, an Illinois corporation,

Defendant.

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted March 26, 2024[**]
San Francisco, California

Before: PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

Plaintiffs-Appellants are two groups of hotels and restaurants. They seek reimbursement from Fireman's Fund Insurance Company and its wholly owned subsidiary, National Surety Corporation (together "Defendant-Appellees"), for business losses incurred because of the risk or presence of COVID-19 on their properties. The district court, applying Washington law, granted Defendant-Appellees' motion to dismiss all claims and denied Plaintiffs-Appellants' motion for leave to amend.

We have jurisdiction under 28 U.S.C. § 1291. "We review de novo an order

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

3

granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). And "[w]e review for abuse of discretion the district court's denial of leave to amend." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). We affirm in part, reverse in part, and remand.

1. The district court properly granted Defendant-Appellees' motion to dismiss concerning all claims which include the triggering language "direct physical loss or damage" to property. Under Washington law, application of these policies turns on the meaning of that triggering phrase. *Hill & Stout, PLLC v. Mut. of Enumclaw Ins. Co.*, 200 Wash. 2d 208, 218 (2022) (explaining "insurance policy provisions" are interpreted "as a matter of law"). The Washington Supreme Court recently interpreted "direct physical loss" to require that the "property . . . has been physically destroyed or that one is deprived of [the property] in that the property is no longer in their physical possession." *Id.* at 219. And the court "recognized that . . . to recover under a property insurance policy for physical loss of or damage to the property, something *physically* must happen to the property." *Id.* at 222.

That settled the matter. The court held "the claim for loss of intended use and loss of business income" was "not a *physical* loss of property" because the dental practice "was still able to *physically* use the property." *Id.* at 220. With that conclusion, the court joined the "strong, if not unanimous, consensus around the

4

country" that COVID-19 "do[es] not amount to 'direct physical loss of property.'" *Id.* at 224.

This case is no different. Plaintiffs-Appellants fail to show a physical loss because they continued using their properties while the virus or its risk was present. Even more, they are unable to show they physically lost functional use of their properties because of the virus. *See Hill & Stout*, 200 Wash. 2d at 221–22 ("[T]here was no alleged imminent danger to the property, no contamination with a problematic substance, and nothing that *physically* prevented use of the property or rendered it useless."). Further, Plaintiffs-Appellants have not demonstrated that the virus caused any physical damage to their properties. So we conclude, as did the Washington Supreme Court, that the district court got it right here. *Id.* at 223 n.6 ("We agree with Judge Rothstein's overall conclusion about 'direct physical loss.'").[1]

2. Because amendment here is futile for claims requiring direct physical loss or damage to property, the district court did not abuse its discretion in denying Plaintiffs-Appellants' motion for leave to amend those claims. Typically, a court should grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) "unless [it] determines that the allegation of other facts . . . could not possibly cure the

---

[1] Because the district court correctly interpreted "direct physical loss or damage," it also properly dismissed Plaintiffs-Appellants' other claims including such language.

5

deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Put differently, a court may deny leave to amend when "amendment would be futile." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). No amount of further pleading or fact-finding here could cure the deficiency in Plaintiffs-Appellants' argument—COVID-19 does not cause direct physical loss or damage to property. *Oregon Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073–74 (9th Cir. 2023) ("[N]o additional facts or allegations could cure the deficiency" where "allegations depend on an incorrect interpretation of the phrase 'direct physical loss or damage.'").

One clause, however, does not contain any language about "direct physical loss or damage"—the ES Restaurant Group, Inc.'s ("ESR") Crisis Event provision.[2] By its terms, that provision requires a "necessary suspension" to trigger coverage. And a "necessary suspension" must result from a "necessary closure of [the] covered premises." The district court determined ESR could not sufficiently allege it suffered a necessary closure or suspension because it offered "small take-out menus from selected locations during shortened hours." But given the lack of binding precedent on this question, we cannot say that no further allegations could cure the

---

[2] The Worthy Plaintiffs' policies also include a Crisis Management provision containing substantially similar language to the ESR Crisis Event provision. While the Worthy Plaintiffs did not argue this claim here, they incorporated by reference all of ESR's arguments in their briefs.

defects in ESR's Crisis Event claim.  Thus, we reverse the district court's denial of leave to amend for ESR's Crisis Event and Worthy Plaintiffs' Crisis Management claims.[3]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[3] We **DENY** the Renewed Motion to Certify (Dkt. 101), and we **GRANT** the two Motions to File Amicus Briefs (Dkt. 50, 126).